AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

PAUL JOHNSON, Individually, and on Behalf of
All Other Persons Similarly Situated,

Plaintiffs,

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER:

THE J COMPANIES, LLC, NORTH 30 EQUITIES
INC., ALLAN J. BROT, and JOHN DOES 1-10,
Jointly and Severally,

Defendants.

06 CV 2432

TO: (Name and address of defendant)

THE J COMPANIES, LLC, 711 Third Ave., 14th Floor, New York, N.Y. 10017
NORTH 30 EQUITIES INC., 115 Broadway, 18th Floor, New York, N.Y. 10006
ALLAN J. BROT, 40 Euclid Avenue, Hastings on Hudson, N.Y. 10706

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

William C. Rand, Esq., Law Office of William Coudert Rand, 711 Third Avenue, Suite 1505, New York, N.Y. 10017

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

CLERK

(BY) DEPUTY CLERK

MAR 28 2006

DATE

AO 440 (Rev. 10/93) Summons In a Civil Action -SDNY WEB 4/99

| **RETURN OF SERVICE** | |
|---|---|
| Service of the Summons and Complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____
_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____
_____

☐ Returned unexecuted: _____
_____
_____
_____

☐ Other *(specify):* _____
_____
_____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
               Date                                                                  Signature of Server

                                                                                _____
                                                                                Address of Server

(1)   As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiffs



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
PAUL JOHNSON, Individually, and on Behalf of     :   ECF
All Other Persons Similarly Situated,            :   2006 Civ. _____
                                                 :
                         Plaintiffs,             :   **COLLECTIVE ACTION**
                                                 :   **COMPLAINT**
         -against-                               :
                                                 :   **Demand for Jury Trial**
THE J COMPANIES, LLC, NORTH 30 EQUITIES INC., :
ALLAN J. BROT, and JOHN DOES # 1-10, Jointly and :
Severally,                                       :
                                                 :
                         Defendants.             :
------------------------------------------------------------------x

Plaintiffs, through their attorneys, complaining of Defendants, allege as follows:

### NATURE OF THE ACTION

1.     Plaintiff alleges on behalf of himself and other similarly situated current and former employees of the Defendant and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for worked performed which they received no compensation at all as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq.

2.     Plaintiff further complains, individually on behalf of himself, that he is entitled to back wages from Defendants for worked performed for which he received no compensation at all as well as for overtime work for which he did not receive overtime premium pay as required by

1

New York Labor Law §§ 650 *et seq.*, including Part 142, § 142-2.2 ("Overtime Rate") of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act (Article 19 of the New York State Labor Law).

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. §§ 1331, 1337 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, this Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 as Defendants reside in this district and a substantial part of the events or omissions giving rise to the claims occurred in this District.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6.      Plaintiff at all relevant times is and was a resident of the County of Kings in the State of New York.

7.      Upon information and belief, defendant The J Companies, LLC. (the "J Companies") is a domestic corporation organized and existing under the laws of the State of New York whose principal place of business is 711 Third Avenue, 14th Floor, New York, N.Y. 10017.

8.      Upon information and belief, defendant North Thirty Equities Inc. ("North Thirty Inc.") is a domestic corporation organized and existing under the laws of the State of New York

whose principal place of business is located at 115 Broadway, 18th Floor, New York, N.Y. 10006.

9. Upon information and belief, Allan J. Brot was an officer, director, owner and/or managing agent of Defendants The J Companies, LLC and North Thirty Inc., who participated in the day-to-day operations of the corporate defendants and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and is jointly and severally liable with the corporate defendants. Upon information and belief Allan J. Brot resides at 40 Euclid Ave, Hastings On Hudson, N.Y. 10706

10. Upon information and belief, John Does #1-10 represent the officers, directors and/or managing agents of the corporate defendants, whose identities are unknown at this time and who participated in the day-to-day operations of the corporate defendants and acted intentionally and maliciously and are "employers" pursuant to the FLSA, 20 U.S.C. §203(d) and regulations promulgated thereunder, 29 C.F.R. §791.2, as well as the New York Labor Law Sec. 2 and the regulations thereunder and are jointly and severally liable with the corporate defendants.

**COLLECTIVE ACTION ALLEGATIONS**

11. Pursuant to 29 U.S.C. § 207, Plaintiff seeks to prosecute his FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants at any time since March 28, 2003 to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA and who were not paid for hours that they worked and received no compensation for overtime at rates not less than

one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

12. This Collective Action Members is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are over 20 Collective Action Members during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

13. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

14. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

15. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

(a) whether the Defendants employed the Collective Action Members within the meaning of the FSLA;

(b) what proof of hours worked is sufficient where the employer fails in its duty to maintain records;

(c) whether Defendants failed to pay the Collective Action Members for hours which they worked and received no compensation as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FSLA and the regulations promulgated thereunder;

(d) whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

(e) whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

(f) whether Defendants should be enjoined from such violations of the FLSA in the future.

16. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## STATEMENT OF THE FACTS

17. Plaintiff was a security guard employed by Defendants from on or about January 1, 1999 until the present (the "time period").

18. Plaintiff's work was performed in the normal course of the Defendants' business and was integrated into the business of Defendants.

19.     The work performed by Plaintiff required little skill and no capital investment. His duties did not include managerial responsibilities or the exercise of independent judgment.

20.     Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff any compensation for all of the hours worked by him as well as overtime compensation of one and one-half times his regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA, the New York Labor Law and the supporting New York State Department of Labor regulations.

21.     In addition to the Plaintiff, during the time period Defendants usually employed at least 20 other employees simultaneously.

22.     Throughout that time and, upon information belief, both before that time (throughout the Class Period) and continuing until today, the Defendants have likewise employed other individuals, like the Plaintiff (the Collective Action Members) in positions that required little skill and no capital investment and their duties and responsibilities did not include any managerial responsibilities or the exercise of independent judgment. They do not have the authority to hire or fire other employees, and they are not responsible for making hiring and firing recommendations.

23.     Such individuals have worked in excess of 40 hours a week and more than 10 hours a day, yet the Defendants have likewise willfully failed to pay them any compensation for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate, and for an extra hour in each day worked over ten hours, in violation of the FLSA and the New York Labor Law.

24. As stated, the exact number of such individuals is presently unknown, but within the sole knowledge of the Defendants and can be ascertained through appropriate discovery.

25. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment and the course of the Collective Action Period, the Defendants failed to maintain accurate and sufficient time records.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

26. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

27. At all relevant times, Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

28. At all relevant times, Defendants employed and/or continue to employ, Plaintiff and each of the Collective Action Members within the meaning of the FLSA.

29. Upon information and belief, at all relevant times, Defendants have had gross annual revenues in excess of $500,000.

30. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and incorporated by reference.

31. At all relevant times, the Defendants had a policy and practice of refusing to pay for all hours worked as well as overtime compensation to its employees for their hours worked in excess of forty hours per workweek.

32. As a result of the Defendants' willful failure to compensate its employees, including Plaintiff and the Collective Action members, for all hours worked by them as well as for overtime at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated and continue to violate, the FSLA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

33. As a result of Defendants' failure to record, report, credit, and/or compensate its employees, including Plaintiff and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours, and other conditions and practices of employment in violation of the FSLA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

34. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

35. Due to Defendants' FLSA violations, Plaintiff, on behalf of himself and the Collective Action members, are entitled to recover from Defendants, their unpaid wages, their unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## NEW YORK STATE LABOR LAW

36. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

37. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

38. Defendants willfully violated Plaintiff's rights by failing to pay him any compensation for all of the hours worked by him as well as overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

39. Defendants' New York Labor Law violations have caused Plaintiff, irreparable harm for which there is no adequate remedy at law.

40. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid wages, unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action and liquidated damages, pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELIEF

WHEREFORE Plaintiff on behalf of himself and all other similarly situated Collective Action members, respectfully request that this Court grant the following relief:

(a) Designation of this action as a collective action on behalf of the Collective Action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FSLA Opt-In-Class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b).

(b)     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

(c)     An injunction against the Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

(d)     An award of unpaid wages and unpaid overtime compensation due under the FLSA and the New York Labor Law;

(e)     An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C. § 216 and New York Labor Law § 663(1);

(f)     An award of prejudgment and post judgment interest;

(g)     An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

(h)     Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Dated: New York, New York
       March 28, 2006

                       LAW OFFICE OF WILLIAM COUDERT RAND

                       S/William C. Rand  _/s/ William C. Rand_
                       William Coudert Rand, Esq. (WR-7685)
                       Attorney for Plaintiff, Individually,
                       and on Behalf of All Other Persons Similarly Situated

                       711 Third Avenue, Suite 1505
                       New York, New York 10017
                       Tel: (212) 286-1425

                       Co-counsel
                       Berger & Gottlieb
                       Jeffrey M. Gottlieb, Esq. (JG-7905)
                       150 East 18th Street, Suite PHR
                       New York, New York 10003
                       Tel: (212) 228-9795

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current and/or former employer, _THE J COMPANIES_. I have been provided with a copy of the Retainer Agreement with the Law Firm of Berger & Gottlieb Attorneys and I agree to be bound by its terms.

_[signature]_  3-17-06
Signature    Date

Paul Johnson
Printed Name